**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | | Case No. 2:20-cr-119<br>Judge Sarah D. Morrison |
| **RUBEN JUNIOR MEDINA,** | : | |
| Defendant. | | |

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Ruben Junior Medina's Motion for Bond. (ECF No. 29.) For the reasons set forth below, Mr. Medina's Motion is **DENIED**.

**I.  BACKGROUND**

On July 13, 2020, the Government filed a criminal complaint alleging that Mr. Medina violated 18 U.S.C. § 1201 (kidnapping) and § 924(c)(1)(A)(ii) (brandishing a firearm in relation to a crime of violence). (ECF No. 1.) The Affidavit filed in support of the Complaint details a days-long hostage situation. (Aff., ECF No. 1, 2–6.) The victim was involved in drug trafficking, and had previously brokered a deal for the sale of eleven kilograms of cocaine. (Aff, ¶¶ 1, 8.) After the men who sourced the cocaine did not receive payment, they abducted the victim and demanded payment for his release. (*Id*.) Location data obtained by investigators showed that the victim was taken and held out of state. (*Id*., ¶ 10.) The victim's

associates arranged to raise the demanded funds, and deliver it to the hostage-takers upon their return to Columbus. (*Id.*, ¶ 9.)

Mr. Medina was arrested on July 11, 2020, approximately nine minutes after the victim was released. (*Id.*, ¶ 13.) After his release, the victim stated in an interview that:

> He had been taken against his will . . . One of the men who took him was [Ruben Junior] MEDINA. Once inside of the hostage takers' vehicle, he was threatened at gunpoint . . . . VICTIM said he attempted to open the vehicle door while it was moving in order to escape and was hit with the butt of the gun that had been pointed at him . . .
>
> While he was held in captivity, VICTIM was kept in a dark room and a hood was placed over his head. He was tied to a chair, beaten and his feet were burned. His captors threatened to kill him, cut off his head and cut off his thumb.

(*Id.*, ¶ 14.) "Investigators observed what appeared to be blistered, oozing skin on the bottom of [the victim's] left toe, a large, purple bruise on the side of his foot, a swollen thumb, and marks on his wrists." (*Id.*, ¶ 15.)

Mr. Medina appeared before the Magistrate Judge for a detention hearing on July 15, 2020. (*See* ECF No. 7.) At the detention hearing, counsel for Mr. Medina argued that Mr. Medina should be released to his residence in Brooklyn, New York, because the pre-trial services report (ECF No. 31) indicates that (a) he has lived at the same residence for sixteen years, (b) he has had stable employment for two years, and (c) prior to pleading guilty to federal charges in 2012, Mr. Medina successfully completed a course of pre-trial release under supervision. The government noted in response that the pre-trial services report also indicates that (x) Mr. Medina is currently serving a term of supervised release in connection with

2

the 2012 charge, (y) he was not given permission to travel outside of the Eastern District of New York, and (z) a supervised release violation holder would be forthcoming as a result. The government further argued that Mr. Medina posed a danger to the community and to the victim, and that his criminal background indicated a risk of flight.

The Magistrate Judge found probable cause to believe that Mr. Medina committed an offense that carries a rebuttable presumption of detention under 18 U.S.C § 3142(e)(3)(B). (ECF No. 9.) The Magistrate Judge further found that Mr. Medina had not introduced sufficient evidence to rebut the presumption of detention that attaches to and ordered that he be detained pending trial. (*Id.*) Additional factors weighing heavily in the Magistrate Judge's determination were the serious nature of offense, a concern for the safety of community, and Mr. Medina's criminal history—including a history of weapons use and criminal activity while under supervision.

On July 24, 2020, a grand jury returned a two-count indictment on the same two counts listed in the Complaint. (ECF No. 15.)

## II. LEGAL STANDARD

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Upon such motion, the district court reviews a magistrate judge's detention order *de novo. United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (Marbley, J.) (explaining that, although the Sixth Circuit has not mandated a

3

particular standard of review, "[t]he majority view appears to favor" *de novo* review of detention orders).

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government must prove by clear and convincing evidence that detention is warranted. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 752 (1985).

In certain circumstances, the default position does not apply. Rather, a judicial finding of probable cause that the defendant has engaged in certain conduct gives rise to a rebuttable presumption in favor of detention—*i.e.*, it is rebuttably presumed that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3). The rebuttable presumption "imposes only a 'burden of production' on the defendant, and the government retains the 'burden of persuasion.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citations omitted). "Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." *Id.* (quoting *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991)). To rebut the presumption entirely, a defendant must distinguish his case from "the congressional

4

paradigm" that attached the presumption. *Id*. at 946 (quotation omitted). As to the government, it bears the burden of persuading the court that the presumption attaches. *Id*. at 945. In other words, that probable cause exists that the defendant committed a crime carrying the presumption of detention. A grand jury indictment is sufficient to establish probable cause that a defendant committed the charged offense. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

### III. DISCUSSION

Mr. Medina now asks that the Court revoke the Magistrate Judge's order and release him on his own recognizance. (ECF No. 29.) Mr. Medina offers no additional facts, evidence, or argument to rebut the presumption of detention. The Court has thoroughly reviewed the record in this case and adopts the findings of the Magistrate Judge.

Mr. Medina has failed to rebut the presumption in favor of detention. The presumption notwithstanding, Mr. Medina has also failed to show that there is a condition or set of conditions that could reasonably assure his appearance at future proceedings and the safety of the community. This Court also finds the serious nature of the charged offenses, Mr. Medina's criminal history, and his supervised release violation persuasive in this regard.

IV.　**CONCLUSION**

Accordingly, Mr. Medina's Motion (ECF No. 29) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**